**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NOSTROMO LLC,<br><br>              Plaintiff,<br><br>v.<br><br>KYOCERA COPORATION,<br><br>              Defendant. | Case No. 2:24-cv-00<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Nostromo LLC ("Nostromo" or "Plaintiff") for its Complaint against Defendant Kyocera Corporation ("Kyocera" or "Defendant") for patent infringement alleges as follows:

**THE PARTIES**

1. Nostromo is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Suite 160, Marshall, TX 75670.

2. Upon information and belief, Kyocera is a corporation organized and existing under the laws of Japan, with its principal place of business at 6 Takeda Tobadono-cho, Fushimi-ku, Kyoto 612-8501 Japan. Upon information and belief, Kyocera does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of infringement, such as mobile phones and tablets, to customers and potential customers located in Texas, including in the Judicial District of the Eastern District of Texas.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United

States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. Defendant induces its subsidiaries, affiliates, retail partners, and customers to make, use, sell, offer for sale, and/or import throughout the United States, including within this Judicial District, infringing products and placing such products into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas. Defendant purposefully directs the infringing products identified herein into established distribution channels within this District and the U.S. nationally. For example, Defendant sells and offers to sell the infringing products through its website, Kyoceramobile.com/ which may be accessed throughout the United States, the State of Texas, and this Judicial District. Additionally, Defendant has authorized sellers and sales representatives that offer for sale and sell the infringing products throughout the State of Texas and to consumers throughout this District, including at the following locations in this District: Wal-Mart, 1701 East End Boulevard North, Marshall, Texas 75670; Verizon, 500 E Loop 281, Longview, TX 75670; AT&T, 1712 E Grand Ave, Marshall, TX 75670; T-Mobile, 1806 E. End Blvd., N. Ste 100, Marshall, TX 75670.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

7. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

8. On April 19, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. U.S. 9,319,453 (the "'453 Patent") entitled "User-Controlled Download Duration Time". A true and correct copy of the '453 Patent is available at: https://patentimages.storage.googleapis.com/4f/dc/ab/d152c27603fc72/US9319453.pdf.

9. On August 18, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. U.S. 9,112,942 (the "'942 Patent") entitled "Dynamic Modification of Media Streams' Quality". A true and correct copy of the '942 Patent is available at: https://patentimages.storage.googleapis.com/91/a0/e6/acdf58c23032ae/US9112942.pdf.

10. On March 29, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,298,565 (the "'565 Patent") entitled "System and Method for Identification of Memory". A true and correct copy of the '565 Patent is available at: https://patentimages.storage.googleapis.com/5a/0b/bf/ef6615ba80e5a0/US9298565.pdf.

11. On October 29, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,572,440 (the "'440 Patent") entitled "System and Method for Managing Information Stored in Semiconductors". A true and correct copy of the '565 Patent is available at: https://patentimages.storage.googleapis.com/1e/37/76/b9d1723b21f566/US8572440.pdf.

12. Nostromo is the sole and exclusive owner of all right, title, and interest in the '453 Patent, the '942 Patent, the '565 Patent, and the '440 Patent (collectively, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. Nostromo also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

13. The '453 Patent and the '942 Patent generally relate to a method, apparatus and computer program product useful for communicating media content, over a computerized network, in accordance with download duration time. The technology described in the '453 Patent and the '942 Patent was developed by inventor Shmuel Ur. For example, the technology of the '453 Patent and the '942 Patent is implemented in infringing Kyocera mobile devices equipped with AOMedia Video 1 ("AV1") video codec, including, but not limited to, the DuraSlate Wi-Fi, DuraSport 5G, DuraForce Ultra 5G, DuraForce PRO 5 5G, DuraForce PRO 2, and DuraForce PRO, alone or in combination with certain streaming applications and software, among other products.

14. The '565 Patent and the '440 Patent generally relate to technology for securely storing and determining errors in a semiconductor device of a computer system. The technology described in the '565 Patent and the '440 Patent was developed by inventor Patrick O'Neal Nunally. For example, the technology of the '440 Patent is implemented in infringing flash memory storage devices and associated software, such as SD cards, or equivalents thereof, in Kyocera mobile devices.

15. Kyocera has infringed and is continuing to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell,

offer to sell, and/or importing, products that infringe the Patents-in-Suit.

## **COUNT I**
**(Infringement of the '453 Patent)**

16. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

17. Nostromo has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '453 Patent.

18. Defendant has and continues to directly infringe the '453 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '453 Patent. Such products include mobile devices, including Kyocera smartphones and tablets, such as the Kyocera DuraForce PRO 3, equipped with AV1 video codec, among other products.

19. For example, Defendant has and continues to directly infringe at least claim 1 of the '453 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include mobile devices, including Kyocera smartphones and tablets, such as the Kyocera DuraForce PRO 3, equipped with AV1 video codec, among other products.

20. The Kyocera DuraForce PRO 3 performs a computer-implemented method comprising the step of obtaining a download duration time from a client with respect to a media content, the download duration time defining a time by which download of the media content by the client is to be completed. The Kyocera DuraForce PRO 3 performs the step of determining a quality of the media content based on the download duration time to be provided within the download duration time. The Kyocera DuraForce PRO 3 performs the step of transmitting to the client a version of the media content having the quality, wherein during said transmitting, monitoring a remaining download duration time. The Kyocera DuraForce PRO 3 performs the

step of modifying the quality based on the remaining download duration time.  The Kyocera DuraForce PRO 3 performs the step of continuing transmission to the client of the media content by transmitting a second version of the media content having the modified quality, wherein the transmission is completed by the time defined by the download duration time.

21. Kyocera directly infringes the '453 Patent through the use of the Kyocera DuraForce PRO 3 through promotional demonstrations, testing, repairs, and instructional guidance.

22. Defendant has and continues to indirectly infringe one or more claims of the '453 Patent by knowingly and intentionally inducing others, including Kyocera customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology.

23. Defendant, with knowledge[1] that these products, or the use thereof, infringe the '453 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '453 Patent by providing these products to end users for use in an infringing manner.  Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, including specifically those related to Defendant's specific industry, thereby remaining willfully blind to the Patents-in-Suit at least as early as the issuance of the Patents-in-Suit.

24. Defendant has induced infringement by others, including end users, with the intent

---

[1] Kyocera cited to the '453 Patent family in relation to its own U.S. Patent Application No. 15/311,735, which was published on October 24, 2017, and issued as U.S. Patent No. 9,801,198 on August 31, 2017, entitled "Unlicensed Frequency Band With Licensed Frequency Band Timing".

to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '453 Patent, but while remaining willfully blind to the infringement.  Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's website, product literature and packaging, and other publications.

25. Nostromo has suffered damages as a result of Defendant's direct and indirect infringement of the '453 Patent in an amount to be proven at trial.

26. Nostromo has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '453 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '942 Patent)

27. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

28. Nostromo has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '942 Patent.

29. Defendant has and continues to directly infringe the '942 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '942 Patent.  Such products include mobile devices, including Kyocera smartphones and tablets, such as the Kyocera DuraForce PRO 3, equipped with AV1 video codec, among other products.

30. For example, Defendant has and continues to directly infringe at least claim 1 of the '942 Patent by making, using, offering to sell, selling, and/or importing into the United States

products that include mobile devices, including Kyocera smartphones and tablets, such as the Kyocera DuraForce PRO 3, equipped with AV1 video codec, among other products.

31. The Kyocera DuraForce PRO 3 performs a computer-implemented method comprising the step of receiving, by a client, a first portion of a media content having a first quality. The Kyocera DuraForce PRO 3 performs the step of in response to an indication from a user, determining a change of quality to a second quality, the indication from the user causing the client to cease receiving the first portion at a first point in time of the media content. The Kyocera DuraForce PRO 3 performs the step of receiving, by the client, a second portion of the media content having the second quality, the second portion beginning at a second point in time of the media content that is after the first point in time. The Kyocera DuraForce PRO 3 performs the step of whereby the client is enabled to display to the user received media content that comprises portions having different qualities. The Kyocera DuraForce PRO 3 performs the step of in response to receiving the received media content, selectively re-downloading a portion of the received media content that was previously downloaded in a lower quality, wherein the portion is of a higher quality than the lower quality.

32. Kyocera directly infringes the '942 Patent through the use of the Kyocera DuraForce PRO 3 through promotional demonstrations, testing, repairs, and instructional guidance.

33. Defendant has and continues to indirectly infringe one or more claims of the '942 Patent by knowingly and intentionally inducing others, including Kyocera customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology.

34. Defendant, with knowledge that these products, or the use thereof, infringe the '942 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '942 Patent by providing these products to end users for use in an infringing manner.  Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, including specifically those related to Defendant's specific industry, thereby remaining willfully blind to the Patents-in-Suit at least as early as the issuance of the Patents-in-Suit.

35. Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '942 Patent, but while remaining willfully blind to the infringement.  Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's website, product literature and packaging, and other publications.

36. Nostromo has suffered damages as a result of Defendant's direct and indirect infringement of the '942 Patent in an amount to be proven at trial.

37. Nostromo has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '942 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT III
### (Infringement of the '565 Patent)

38. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

39. Nostromo has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '565 Patent.

40. Defendant has and continues to directly infringe the '565 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '565 Patent. Such products include flash memory storage devices, such as the Kyocera DuraForce PRO 3, equipped with an SD card, among other products.

41. For example, Defendant has and continues to directly infringe at least claim 1 of the '565 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include flash memory storage devices, such as the Kyocera DuraForce PRO 3, equipped with an SD card, among other products.

42. The Kyocera DuraForce PRO 3 performs a method for uniquely identifying a memory drive. The Kyocera DuraForce PRO 3 performs the step of detecting defects in regions of the memory drive. The Kyocera DuraForce PRO 3 performs the step of storing the detected defects as a defect map. The Kyocera DuraForce PRO 3 performs the step of associating the defect map with the memory drive. The Kyocera DuraForce PRO 3 performs the step of storing the associated defect map in a second non-transitory computer readable medium. The Kyocera DuraForce PRO 3 performs the step of using the stored associated defect map to thereafter uniquely identify the memory drive. The Kyocera DuraForce PRO 3 performs the step of using the unique identification for security purposes between the memory drive and second non-transitory computer readable medium.

43. Kyocera directly infringes the '565 Patent through the use of the Kyocera DuraForce PRO 3 through promotional demonstrations, testing, repairs, and instructional guidance.

44. Defendant has and continues to indirectly infringe one or more claims of the '565 Patent by knowingly and intentionally inducing others, including Kyocera customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology.

45. Defendant, with knowledge that these products, or the use thereof, infringe the '565 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '565 Patent by providing these products to end users for use in an infringing manner. Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, including specifically those related to Defendant's specific industry, thereby remaining willfully blind to the Patents-in-Suit at least as early as the issuance of the Patents-in-Suit.

46. Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '565 Patent, but while remaining willfully blind to the infringement. Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's website, product literature and packaging, and other publications.

47. Nostromo has suffered damages as a result of Defendant's direct and indirect infringement of the '565 Patent in an amount to be proven at trial.

48. Nostromo has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '565 Patent, for which there is no adequate remedy at law, unless

Defendant's infringement is enjoined by this Court.

## COUNT IV
### (Infringement of the '440 Patent)

49. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

50. Nostromo has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '440 Patent.

51. Defendant has and continues to directly infringe the '440 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '440 Patent. Such products include flash memory storage devices, such as the Kyocera DuraForce PRO 3, equipped with an SD card, among other products.

52. For example, Defendant has and continues to directly infringe at least claim 1 of the '440 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include flash memory storage devices, such as the Kyocera DuraForce PRO 3, equipped with an SD card, among other products.

53. The Kyocera DuraForce PRO 3 performs a method identifying a memory. The Kyocera DuraForce PRO 3 performs the step of detecting defects in regions of the memory. The Kyocera DuraForce PRO 3 performs the step of comparing the detected defects with defects contained in a previously-created defect map associated with the memory and stored in another memory of a device accessing the memory. The Kyocera DuraForce PRO 3 performs the step of confirming the identity of the memory where a result of the comparison indicates the detected defects match defects contained in the previously-created defect map. The Kyocera DuraForce PRO 3 performs the step of denying the identity of the memory where the result of the comparison

indicates the detected defects do not match the defects contained in the previously-created defect map.

54. Kyocera directly infringes the '440 Patent through the use of the Kyocera DuraForce PRO 3 through promotional demonstrations, testing, repairs, and instructional guidance.

55. Defendant has and continues to indirectly infringe one or more claims of the '440 Patent by knowingly and intentionally inducing others, including Kyocera customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology.

56. Defendant, with knowledge that these products, or the use thereof, infringe the '440 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '440 Patent by providing these products to end users for use in an infringing manner.

57. Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '440 Patent, but while remaining willfully blind to the infringement. Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's website, product literature and packaging, and other publications.

58. Nostromo has suffered damages as a result of Defendant's direct and indirect infringement of the '440 Patent in an amount to be proven at trial.

59. Nostromo has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '440 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Nostromo prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patents-in-Suit;

c. An order awarding damages sufficient to compensate Nostromo for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d. Entry of judgment declaring that this case is exceptional and awarding Nostromo its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e. Such other and further relief as the Court deems just and proper.

Dated: July 19, 2024                              Respectfully submitted,

                                               */s/ Vincent J. Rubino, III*
                                               Alfred R. Fabricant
                                               NY Bar No. 2219392
                                               Email: ffabricant@fabricantllp.com
                                               Peter Lambrianakos
                                               NY Bar No. 2894392
                                               Email: plambrianakos@fabricantllp.com
                                               Vincent J. Rubino, III

        NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

*ATTORNEYS FOR PLAINTIFF,
NOSTROMO LLC*